UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THURMAN LEROY SPENCER,

Plaintiff,

v.

TIMOTHY VIRGA, et al.,

Defendants.

No. 2:16-cv-886-JAM-EFB P

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. His initial complaint (ECF No. 1) was dismissed pursuant to 28 U.S.C. § 1915A (ECF No. 14). After numerous extensions of time to do so (ECF Nos. 18, 21, 25 & 27), he has filed an amended complaint (ECF No. 30), which the court must now screen pursuant to section 1915A.[1] Plaintiff has also filed a motion for a preliminary injunction (ECF No. 22). As explained below, the amended complaint must be dismissed with leave to amend and the motion for a preliminary injunction must be denied.

**I. Screening Order**

Congress mandates that district courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental

---

[1] Plaintiff also requested extensions of time (ECF Nos. 28, 29), which the court denies as moot in light of this screening order.

1

entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

Plaintiff alleges that on or around June 18, 2012, defendants Brizendine, Haghbin, Peterson, and Crisostomo wrongfully diagnosed him with schizoaffective disorder, delusional disorder, antisocial personality disorder, bipolar disorder, psychotic disorder, and polysubstance dependence. ECF No. 30 at 9, 20. As a result, he was placed in the Enhanced Outpatient Program ("EOP") for mentally ill inmates. *Id.* Plaintiff's disagreement with the diagnosis made by his mental health professionals is insufficient to establish deliberate indifference. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989) ("A difference of opinion does not amount to a deliberate indifference to [the inmate's] medical needs."). Moreover, "an incorrect diagnosis is not deliberate indifference." *Smith v. Asghar*, 114 F. App'x 222, 224 (7th Cir. 2004) (citing *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996)).

Next, plaintiff claims that being housed in the EOP with mentally ill inmates put his life in danger, but fails to specify how his life was endangered or who was aware of the danger. ECF No. 30 at 9-10. He claims further that the above-named defendants, along with defendants Virga, Meier, Cannady, and Cantrell, kept him in an unsanitary cell "flooded" with human waste, and that his placement in the EOP prevented him from challenging his criminal conviction in court. *Id.* at 11, 22. "[S]ubjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment." *Anderson v. Cnty. of Kern*, 45 F.3d 1310, 1314 (9th Cir. 1995). Plaintiff must, however, specify which defendant confined him to the unsanitary cell, how each defendant became aware of the unsanitary conditions and what they did in response, and how long he was so confined. As for any access to the courts claim, plaintiff must allege how a particular defendant interfered with his effort to pursue a non-frivolous claim regarding his conviction. *See Lewis v. Casey*, 518 U.S. 343, 354-55 (1996).

/////

In addition, plaintiff claims that defendant Virga's "officers" deprived him of a wheelchair even though he is mobility impaired and in chronic pain. ECF No. 30 at 20. Plaintiff does not raise any discernable allegation that Virga had any direct involvement in his medical care. And "[t]here is no respondeat superior liability under section 1983." *Taylor v List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff also claims that his administrative appeals were denied or ignored. ECF No. 30 at 10, 16. However, inmates have no standalone rights with respect to the administrative grievance process. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Williams v. Cate*, No. 1:09-cv-00468-0WW-YNP PC, 2009 U.S. Dist. LEXIS 107920, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims.").

Finally, the complaint names Does 1-20 as defendants. ECF No. 30. at 6. Unknown persons cannot be served with process until they are identified by their real names and the court will not investigate the names and identities of unnamed defendants. If plaintiff later learns the identity of a "doe" defendant, he may seek to amend his complaint to add that individual as a defendant. *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1197-98 (9th Cir. 2003).

**II.     Leave to Amend**

For these reasons, plaintiff's amended complaint is dismissed with leave to amend. If plaintiff chooses to file a third amended complaint it should observe the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). The complaint should also describe, in sufficient detail, how each defendant personally violated or participated in the violation of his rights. The court will not infer the existence of allegations that have not been explicitly set forth in the amended complaint.

/////

1       The amended complaint must contain a caption including the names of all defendants.
Fed. R. Civ. P. 10(a).

      Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

      Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

      Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims.

### III. Motion for a Preliminary Injunction

Plaintiff seeks a preliminary injunction to enjoin defendants from destroying his legal property. ECF No. 22. However, he fails to meet the minimum threshold for merit to satisfy the standard for a preliminary injunction.[2] At an irreducible minimum, he must demonstrate that there is at least a fair chance of success on the merits. *Johnson v. California State Board of Accountancy*, 72 F.3d 1427, 1430, 1433 (9th Cir. 1995); *Sports Form, Inc. v. United Press International*, 686 F.2d 750, 753 (9th Cir. 1982). As discussed above, his complaint must be dismissed for failure to state a claim and at present he has shown no likelihood of success on the merits of any claim. Accordingly, plaintiff's motion preliminary injunction must be denied.

---

[2] A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir.1964). The moving party must prove that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir.2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, –– U.S. ––, 129 S.Ct. 365, 375–76, 172 L.Ed.2d 249 (2008)).

**IV. Conclusion**

Accordingly, IT IS HEREBY ORDERED that plaintiff's amended complaint (ECF No. 30) is dismissed with leave to amend within 30 days of the date this order is served. Failure to comply with this order may result in dismissal of this action. IT IS FURTHER ORDERED that plaintiff's requests for extensions of time (ECF Nos. 28 & 29) are denied as moot.

Further, it is RECOMMENDED that plaintiff's motion for a preliminary injunction (ECF No. 22) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 2, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE